IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John C. Eustace, | Civil Action No.: 8:15-cv-1766-BHH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff John C. Eustace ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On January 4, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") in which she determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 22.) Plaintiff filed Objections on January 18, 2017. (ECF No. 23.) For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff, as a minor child, was found to be eligible for SSI benefits by Order dated September 6, 2002, due to depression and attention deficit hyperactivity disorder. (Tr. 48.) Plaintiff attained the age of 18 on September 30, 2010, and his claim was reevaluated as a childhood age 18 redetermination pursuant to sections 211 and 212 of Public Law 104-193. Plaintiff alleges continuing disability beyond the age of 18 due to major depressive disorder and attention deficit hyperactivity disorder. (ECF No. 18 at 2.) On the redetermination, it was determined that Plaintiff's condition had improved and he no longer had marked and/or severe functional limitations. (Tr. 51–54.) Consequently, disability was found to have ceased on May 3, 2011, and eligibility for benefits was terminated in July 2011. (Tr. 52.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on December 12, 2013, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on April 23, 2015. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a

*de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on

substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

Plaintiff filed objections to the Report and Recommendation on January 18, 2017. (ECF No. 23.) In his three and a half pages of objections, Plaintiff generally objects that the Magistrate Judge applied the wrong standard of review and improperly "rubber stamp[ed]" the ALJ's decision. (ECF No. 23 at 1–3.) He also objects that the Magistrate Judge referred to the ALJ as the wrong gender and misstated the gender of Plaintiff's romantic partner. (*Id.* at 2.)

Contrary to Plaintiff's assertions, the Magistrate Judge applied the correct standard of review—substantial evidence. (ECF No. 22 at 19–20.) As the Magistrate Judge correctly stated, under 42 U.S.C. § 405(g), a court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Richardson v. Califano*, 574 F.2d 802, 803 (4th Cir. 1978); *Myers*, 611 F.2d at 982–83. If the record contains substantial evidence to support the Commissioner's decision, it is the Court's duty to affirm the decision.

Here, the Magistrate Judge painstakingly recounted the evidence considered by the ALJ, both the medical records and other evidence of record. She found that the ALJ "considered and discussed his evaluation of the medical evidence of record and clearly explained his consideration of the same." (ECF No. 22 at 25.) Noting that Plaintiff failed to point to any specific evidence of record that was excluded from consideration, the Magistrate Judge found that there was no basis to find the ALJ's decision was not supported by substantial evidence. (*Id.* at 25–26.) The Court agrees with the Magistrate Judge that the ALJ's decision is supported by substantial evidence. Indeed, the ALJ's decision is remarkably thorough and demonstrates a careful consideration and analysis of the evidence of record. Plaintiff's arguments to the contrary are unavailing.

For example, Plaintiff claims that the ALJ "took license with the actual evidence and contorted it to suit preconceived conclusions." (ECF No. 23 at 2–3.) Here, he cites the ALJ's finding that "the claimant participated in the school band without evidence of

5

difficulty dealing with others," (Tr. 29), and claims his testimony from the ALJ hearing contradicts this finding:

> Q. You were in the band in school?
> A. I was.
> . . .
> Q. Any problems in the band?
> A. I really enjoyed it but I didn't really keep up as well as the other people but eventually I was able to learn a piece and play with them but I would need help.

(Tr. 569.)

Plaintiff claims that his statement that he "would need help" is evidence of his difficulty dealing with others and claims the Magistrate Judge and ALJ erred in ignoring this testimony. (ECF No. 23 at 2.) The Court cannot see how the highlighted testimony evidences that Plaintiff has any difficulty dealing with others; rather, as the Commissioner contends, it only suggests "that he needed extra help to learn and play some pieces of music, help that most likely came from engaging with others." (ECF No. 24 at 2.) Even if another conclusion could conceivably be drawn, Plaintiff's argument essentially asks the Court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

Plaintiff also asserts that the "medical providers findings reports are replete with medical support documenting" Plaintiff's impairments and disabilities. (ECF No. 23 at 3–4.) However, he fails to point to any specific evidence here that would undermine the ALJ's findings and provides no support for this assertion.

6

As for Plaintiff's assertion that the Magistrate Judge referred to the ALJ using the wrong gender, the Court finds this was merely a scrivener's error that has no bearing on her conclusion that the ALJ's decision was supported by substantial evidence. The Magistrate Judge's comments regarding the gender of Plaintiff's romantic partner are similarly unimportant. Plaintiff asserts that while the Magistrate Judge stated that Plaintiff reported having a girlfriend, Plaintiff in fact had a boyfriend. (ECF No. 23 at 3.) Plaintiff claims this also evidences the ALJ's "contort[ion]" of the evidence, as he noted "Plaintiff said he had a girlfriend and went with her to the movies once." (*Id.*; Tr. 30.) As an initial matter, the record is not as clear on the gender of Plaintiff's significant other as Plaintiff suggests. Plaintiff's testimony suggests that he had a girlfriend. (Tr. 570–71.) Plaintiff's mother, on the other hand, stated that he had a boyfriend, not a girlfriend. (Tr. 581–82.) Regardless, Plaintiff fails to explain how the gender of Plaintiff's romantic partner affects the ALJ's findings or the Magistrate Judge's analysis.

In short, Plaintiff's brief and conclusory objections wholly fail to establish that the ALJ's decision was not supported by substantial evidence.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

s/Bruce Howe Hendricks<br>United States District Judge

March 27, 2017
Greenville, South Carolina